IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| DEREK CHRISTOPHERSON and<br>JENNIFER CHRISTOPHERSON,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM BANK, FSB,<br>J.P. MORGAN MORTGAGE<br>ACQUISITION CORP., and<br>NEWREZ, LLC d/b/a SHELLPOINT<br>MORTGAGE SERVICING,<br><br>    Defendants. | Case No.: 6:21-cv-03071<br><br>Ozark County, Missouri<br>Case No.:    21OZ-CC00026 |

## SHELLPOINT AND JPMMAC'S NOTICE OF REMOVAL

NewRez LLC f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("**Shellpoint**") and J.P. Morgan Mortgage Acquisition Corp. ("**JPMMAC**") respectfully request this action be removed from the Circuit Court of Ozark County, Missouri to the United States District Court for the Western District of Missouri, Springfield Division under 28 USC §§ 1332 and 1441, on the grounds of diversity jurisdiction. In support of this Notice of Removal, Shellpoint and JPMMAC state and allege as follows:

### I.    STATEMENT OF THE CASE

1.    On February 15, 2021, the Christophersons sued Shellpoint, JPMMAC, and State Farm Bank, FSB in the Circuit Court of Ozark County, Missouri in the case styled *Derek Christopherson and Jennifer Christopherson v. State Farm Bank, FSB, et al.*, and assigned case number 21OZ-CC00026 (the "**State Court Action**"). (pet., **ex. 1**.) According to the Christophersons, they relied on an allegedly false flood certificate in connection with their March 8, 2017 purchase of 1109 Tecumseh Creek Road, Tecumseh, Missouri 65760. (pet. ¶ 54.) They

financed the purchase with a loan from State Farm Bank in the original principal amount of $230,000, plus interest. (pet. ¶ 18.) They contend a flood destroyed the property in April 2017. (pet. ¶¶ 35, 37.)

2. The Christophersons assert causes of action for (**1**) violation of the Missouri Merchandising Practices Act (pet. ¶¶ 137-144), (**2**) fraudulent misrepresentation (pet. ¶¶ 145-159), (**3**) negligent misrepresentation (pet. ¶¶ 160-176), (**4**) equitable rescission and cancellation (pet. ¶¶ 177-181), (**5**) breach of contract (pet. ¶¶ 182-189), (**6**) estoppel (pet. ¶¶ 190-205), and (**7**) prima facie tort (pet. ¶¶ 206-211). They seek unspecified monetary damages exceeding $25,000, a judgment canceling the loan indebtedness and releasing the deed of trust against the property, attorneys' fees, and court costs. (pet. ¶¶ 136, 144, 159, 176, 181, 189, 205, 211.)

## II. BASIS FOR DIVERSITY JURISDICTION

3. The court may exercise diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. 28 USC § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Id*. at 84.

**A. The parties are citizens of different states.**

4. The Christophersons are citizens of North Dakota because that is where they are domiciled. (pet. ¶ 1.) *See Janzen v. Goos*, 302 F.2d 421, 424-25 (8th Cir. 1962).

5. Shellpoint is an assumed name of NewRez LLC, a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Garland v. Nationstar Mortg., LLC*, No. 4:19-cv-01765-SPM, 2019 WL 6875753, at *2 fn. 1 (E.D. Mo. Dec. 17, 2019) (quoting *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)). The sole member of NewRez LLC is Shellpoint Partners

LLC, a Delaware limited liability company. Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition II LLC, both of which are Delaware limited liability companies. The sole member of both NRM Acquisition entities is New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC's sole member is New Residential Investment Corp., a Delaware corporation with its principal place of business in New York. A corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 USC § 1332(c). For purposes of diversity jurisdiction, Shellpoint is a citizen of Delaware and New York.

6. JPMMAC is a Delaware corporation with its principal place of business in New York. A corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 USC § 1332(c). For purposes of diversity jurisdiction, JPMMAC is a citizen of Delaware and New York.

7. State Farm Bank is a federal savings association with its home office in Bloomington, Illinois. A federal savings association is a citizen of the state in which it maintains its home office. 12 USC § 1464(x). For purposes of diversity jurisdiction, State Farm Bank is a citizen of Illinois.

**B.   The amount in controversy exceeds $75,000.**

8. When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. *See* 28 USC § 1446(c)(2). If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant seeking removal to prove the value of the plaintiff's claims. *See James Neff Kramper Family Farm P'ship v. IBP, Inc.* 393 F.3d 828, 831 (8th Cir. 2005). In those instances, the removing party "invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Id.* (quoting *Mo. ex rel. Pemiscot Cnty.*

NOTICE OF REMOVAL                                                                                      PAGE 3 OF 7
Case 6:21-cv-03071-MDH   Document 1   Filed 03/17/21   Page 3 of 7

*v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "This burden 'constitutes a pleading requirement, not a demand for proof[,]' although facts outside of the pleadings may be used for additional support." *Germain v. Deutsche Bank Nat'l Tr. Co.*, No. 4:15-CV-1674 JAR, 2016 WL 160652, at *1 (E.D. Mo. Jan. 14, 2016) (internal citation omitted, alteration in original) (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

9. "Where, as here, the petition does not contain a demand for a specific monetary amount, the Court must make a factual inquiry into the amount-in-controversy issue." *Garland*, 2019 WL 6875753, at *3 (citing *Hofmann v. Wells Fargo Bank, N.A.*, No. 4:19-CV-423 CDP, 2019 WL 1992630, at *1 (May 6, 2019)). In this case, the Christophersons seek, among other things, a judgment "cancelling all debt from the consummation of the loan," and "estopping Defendants from collecting any amounts claimed due and owing under the lending agreement" (pet. ¶¶ 181, 205). The outstanding balance of the loan the Christophersons seek to avoid is $181,876.77 as of March 31, 2021. (Gomez decl. at ¶ 4, **ex. 8**; payoff stmt., **ex. 8-A**.) The amount in controversy exceeds $75,000 and the court may exercise diversity jurisdiction over this action. *Duwe v. Bank of Am., N.A.*, No. 1:16CV291 ACL, 2017 WL 1684727, at *3 (E.D. Mo. May 3, 2017) ("Here, BANA has indicated that the unpaid balance of Duwe's loan is $75,346.99. Thus, the Court finds that the amount in controversy requirement is satisfied."); *see also Germain*, 2016

WL 160652, at *2 (recognizing "the current unpaid balance of the loan" as one option for satisfying minimum amount in controversy requirement).

### III. PROCEDURAL REQUIREMENTS SATISFIED

10. Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of Shellpoint and JPMMAC's receipt of the petition through service. State Farm Bank's consent is not necessary to this removal because it has not been served. *See* 28 USC § 1446(b)(2)(A) ("all defendants who have been properly joined and *served* must join in or consent to the removal of the action.") (*emphasis added*); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

11. Venue is proper in this court because the United States District Court for the Western District of Missouri, Springfield Division, embraces the place in which the State Court Action was pending. 28 USC § 1441(a).

12. Pursuant to 28 U.S.C. §1446(d), Shellpoint and JPMMAC are filing in the State Court Action concurrent to this Notice of Removal, a written Notice of Filing of Notice of Removal of Civil Action ("**Notice of Filing**"), which is being served on counsel for the Plaintiffs. The Notice of Filing has attached as an exhibit a true and accurate copy of this Notice of Removal (without exhibits). The Notice of Filing, without exhibits, is attached to his Notice of Removal as **exhibit 9**.

13. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action are attached as **exhibits 1-6**. This action is not more than one year old.

14. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Defendants' rights to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b), or otherwise.

15. Shellpoint and JPMMAC reserve the right to amend or supplement this Notice of Removal.

## IV. CONCLUSION

The court may exercise diversity jurisdiction because the parties are completely diverse and, based on the Christophersons' claims for relief, the amount in controversy exceeds $75,000.

WHEREFORE, Shellpoint and JPMMAC respectfully request that the court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Ozark County, Missouri to the United States District Court for the Western District of Missouri, Springfield Division.

Respectfully Submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

/s/Mark M. Haddad
Mark M. Haddad                    MO# 59608
4801 Main Street, Suite 310
Kansas City, MO 64112
Phone: (816) 756-0700; Fax: (816) 756-3700
Email: markh@sbhlaw.com

**ATTORNEYS FOR SHELLPOINT and J.P. MORGAN MORTGAGE ACQUISITION CORP.**

**CERTIFICATE OF SERVICE**

I hereby certify that on 17th day March, 2021, a true and accurate copy of the foregoing was served via first-class mail, postage pre-paid, to the following:

Glen P. Green
N. Austin Fax
901 St. Louis Street, 20th Floor
Springfield, MO 65806

Kory D. Stubblefield
1903 E. Battlefield Road
Springfield, MO 65804

ATTORNEYS FOR PLAINTIFFS

/s/Mark M. Haddad
*Attorney for Shellpoint and JPMMAC*